## Columbia County Auditor's Report.

*Public officers — Register of wills — Recorder of deeds — Prothonotary — Expenses—Auditor's report—Exceptions—Issue.*

1. Where the exceptions to an auditor's report on the account of a public officer involve merely questions of law, an issue to a jury will not be awarded.

2. Where the exceptions are to an alleged abuse of discretion and impropriety on the part of the Register of Wills in the employment of clerical assistance, an issue should be allowed.

Appeal by Columbia County from the auditor's report, so far as concerns Clyde S. Shuman, Register and Recorder, and John F. Watson, Prothonotary. C. P. Columbia Co., May T., 1922, No. 29.

*H. Mont. Smith,* County Solicitor, for appellants; *A. W. Duy,* for appellees.

POTTER, P. J., Aug. 17, 1923.—This controversy comes to us as an appeal from the report of Mr. Freeze Quick, the auditor duly appointed to audit the accounts of the Register and Recorder and the Prothonotary of the County of

Columbia for the year beginning the first Monday of January, 1920, and ending the first Monday of January, 1921. Exception is taken to the allowance by the said auditor of the three following items, to wit: To M. H. Shuman, as Deputy Register and Recorder, $1200; to premium on official bond of Clyde S. Shuman, $70; to premium on official bond of John F. Watson, $50.

The appeal was allowed by the court on Feb. 15, 1922. On May 18, 1923, a petition was filed by the appellants, who are the County Commissioners of Columbia County, asking for the framing of an issue. On June 4, 1923, the appellee filed a demurrer to the petition for an issue, all of which we have before us at this time for disposition.

The first specification of objection to the said auditor's report is as follows: "Because the said auditor wrongfully allowed to Clyde S. Shuman, Register and Recorder, the sum of $1200 for alleged services of M. H. Shuman (wife of said Clyde S. Shuman) as deputy, the said sum being exorbitant and unreasonable in amount."

The second specification of objection to the said auditor's report is as follows: "Because the said auditor wrongfully allowed to Clyde S. Shuman, Register and Recorder, the sum of $70 premium on surety bond."

The third specification of objection to the said auditor's report is as follows: "For the reason that said auditor wrongfully allowed to John F. Watson, Prothonotary, the sum of $50 for bond."

A fourth and fifth specifications of objection are also given, but they are too general and do not specify anything. They are, therefore, dismissed as too vague.

With relation to the second and third specifications, which are for the annual premiums on the respective official bonds of the register and recorder and of the prothonotary, we can only say these are questions purely of law, with no question of fact raised regarding these two items. The appellees do not deny that these items were paid by them out of county funds, and, it being purely a question of law, there is no question of fact to submit to the jury. Therefore, as regards these two items, an issue cannot be awarded. However, without meaning to express any opinion whatever relative to these two specifications, we are, of our own volition, granting a rule on the said register and recorder and on the said prothonotary, requiring them to appear and show cause why these respective sums should not be by them refunded into the county treasury. Answers to this rule to be made by them within twenty days from this date, and each case then to be placed on the argument list for next argument court, whether answer is filed or not.

And now, relative to the first specification of objection, the register and recorder is paid an annual salary, which is taken out of the receipts of his office, of which he is required to keep a strict account, turning over to the county treasurer the proper portion thereof after payment of his salary, clerk hire and legitimate expenses.

The petition presented by the commissioners asking for an issue is regarded as a statement filed, and the answer thereto, when filed, will represent the affidavit of defence. In this case no answer has, as yet, been filed. A demurrer, however, has been.

By applying the law relating to demurrers, by the filing of this demurrer, the appellee, by whom it has been filed, admits as true all the statements contained in the petition of the appellants, but contends that these statements do not constitute grounds for the awarding of an issue.

Therefore, by the pleadings up to this stage of the proceedings, we find it to be admitted that the register and recorder employed his wife, M. H. Shu-

4 D. & C.

man, as his deputy at a salary of $1200 per year, which sum must come from the moneys that would otherwise go into the county treasury; that the said deputy did not render services of the value of $1200; that she spent very little time in the office; that she was inexperienced in the work of the same, and that her services were of but nominal value, all of which the appellants state they expect to prove. If these statements are true, and up to the present time we must take them as such, why should not the appellants be given an opportunity to prove them?

The charge is made by the appellants that this payment of $1200 to the wife of the register and recorder was an abuse of discretion and was improvidently made. There is no question but that this officer has it in his discretion as to employment of deputies and clerks, if necessary, but as Columbia County is the paymaster, it naturally follows that the county commissioners, as the lawful representatives of the county, have a right to object to any abuse of discretion in matters pertaining to the running current affairs of the county, the bills for which they must pay, as well as to improvident and illegal payments, if any such were made. They have an undoubted right to know whether they are paying two clerks or deputies where perhaps only one is needed; and they have a right to know whether or not those employed as deputies or clerks have the ability to perform the services incident to their duties, and whether or not they render the services for which they receive compensation, as well as whether or not they are paid exorbitant salaries. We feel that an issue should be awarded, and then both parties will have full opportunity to prove and disprove the allegations contained in the appeal and in the petition.

And now, to wit, Aug. 17, 1923, after hearing arguments and upon due consideration, an issue is awarded to try the matters in dispute before a jury, the petition as filed to stand as a statement, and the answer, which the appellee is directed to file within twenty days from this date, to stand as an affidavit of defence, and when the same is filed, the case to be placed on the trial list. The question to be tried being "whether or not the payment of the sum of $1200 to M. H. Shuman as salary as deputy register and recorder for the year 1920 by the register and recorder was a proper and legal payment or an abuse of official discretion."

From R. S. Hemingway, Bloomsburg, Pa.